The next case today, number 231277, United States v. Carlos J. Reyes-Rosario. Attorney for appellant, please come up and introduce yourself on the record to begin. Good morning, Your Honors. Edgar Sanchez-Mercado for the appellant in this case. Your Honor, this appeal comes from a 15-day jury trial. I was the attorney in charge of the trial. The jury returned a verdict with amounts different than what the indictment was charged. One of them triggers some mandatory minimums, which is count two. The findings made on count two, which is the one that we are focusing more on our appeal for the review before your judges. We believe that the evidence presented for the amounts of heroin had to be excluded. And we were requesting, Mr. Reyes was requesting to the Honorable Court in its motion for acquittal under Rule 29, which is docket 2052. And we were addressing that the failed to present sufficient evidence to convict Mr. Reyes. And also one of the elements of that offense, which is that the possession of the heroin, the count was 80 and a bit in possession of heroin within a thousand feet of a public housing project. We argued, we presented evidence in trial, we made a cross-examination, and we argued that the amounts of heroin and the alleged heroin that was presented in trial was not within a thousand feet from the public housing project. What's the, what's the, I know there's evidence about the intent to distribute it within a thousand feet. I think it's that. But, but I, is your argument that it actually must be possessed within a thousand feet with that intent? Here's the thing. How about just yes or no on that one? It's a yes. Yes, it has to be possessed within a thousand feet. And the evidence in the case, it's, it makes a big blur in what happened with that specific possession. Police, Police of Puerto Rico, Police Officer Pedraza, sorry Your Honor, I would like to reserve three minutes, two minutes for rebuttal. I forgot. Police Officer Pedraza was brought in as a witness of the stating that my client, Mr. Reyes Rosario, was in possession of the controlled substances, of the heroin, and then they intervened this car far away from the public housing project with an individual which, in middle of the trial, they say it's an un-indictical conspirator. But there is no evidence, there is nothing in the case or even in the evidence that said that this person was an un-indictical conspirator. But in terms of what is, is there any evidence of any of this controlled substance with which he's charged with aiding and abetting the possession with intent to distribute of being within a thousand feet of the school? No. And is there? The answer is no. The government presented two pieces of evidence regarding heroin. One of them was not even tested that it was in a in which we objected. They presented a video. We raised the issue that it was doctored. And that house is outside the 1,000? Completely outside the 1,000 feet. Then what happened in this case? This officer, in middle of the cross-examination, based on what he testified, we managed to find that the same events were presented in the state court. And the version with a recording that we requested on the court grounds of permission to have a recording was the complete opposite. And they're saying that the police officers arrested the other individual outside of the car, running away. That's outside the 1,000? Not even close to, not even within the 1,000 feet. I have a question. Is there a case law that tells us whether the element of possession with intent to distribute within 1,000 square feet means you have to possess it with that intent within 1,000 square feet, or you simply have to possess it with the intent to distribute it within 1,000 square feet? Do you see the difference? I know, but you have to have knowledge. You have to have possession, dominion, and control, which is what McLean says. Yeah, but I'm asking a different question. The crime is possession with a certain intention. What I'm asking is, does the crime require proof that you possess it with that intention within 1,000 square feet? Or does it merely require you to possess it, having anywhere, having the intention to distribute it within 1,000 square feet? Because there's evidence of the second, but as I'm following you, there's no evidence of the first. Do you follow? I don't think that there's not evidence. No, but do you follow the distinction I'm drawing between those two understandings of what this crime is? I know. I understand, but I still believe that there has to be an intent to sell, and if I can't go further in what happened, it doesn't matter. This is very important to your case. If you're right that there's no evidence that the heroin was possessed within 1,000 square feet, you win, I think, if the crime requires the possession to occur within 1,000 square feet. But if the crime can be committed, even if you possess it outside, so long as while possessing it outside that zone, you intend to distribute it within that zone, then the fact that there's no evidence of you possessing it outside the zone, within the zone, doesn't tell you anything about whether he committed the crime. That's why I'm focused on this point. It's a legal question about how to interpret what the crime is. I have to maintain my version that we understand. That's what my intent is, that it has to be with the intention within the public housing project, not a state case, because there was nothing that could say that that intervention was intended or an investigation for what these other cases. Here's the thing. This organization has been calling the attention of the government agencies and of the media because it involves one of the, it was one of the fugitives of Puerto Rico, which is Nelson Torres Delgado, El Burro. So the fact of the matter that it happened within, it was 3,600 feet from the public housing project, it doesn't mean that it was within or intended for. Otherwise, Mr. Reyes-Rosario would have been at least arrested and it didn't happen. And Officer Pedraza would have not said before to the court that he lied in his testimony. There was a cooperating witness named Martiza Ramos who took videos of what was going on at the public housing project. Are you saying that those videos don't depict your client at the scene or that your client is not connected to the operation, the drug operation that she photographed there? The images do not present any transactions. They present people at the public housing project, but not a single... But your client is there in the video. My client appears in the videos presented as evidence. So the video is one bit of evidence, but there's also testimonial evidence, circumstantial evidence. So isn't that a matter for the jury to make that determination based on credibility and weight of the evidence? And there are multiple objections that were lodged in the case. Where I'm focusing regarding the heroin, there is no evidence that may bring the heroin. So that's confusing. You may have objected to it and it may have been admitted over your objection, but it was admitted and it is evidence which ties your client to the drug operation at the housing project. So it's not just the stop outside of the zone, the protected zone. There's other evidence. That's why I'm focusing on count two, precisely on count two, because it's the one that triggers the minimum and it's the one that's triggered the 14-year sentence that the court imposed. I'm not saying that he was not in the conspiracy. I'm not challenging the count of the conspiracy. I'm challenging that when I filed the Rule 29, I expressed to the court the different reasons for why that count should be... He should be acquitted. Why does the evidence showing your client within the zone not suffice for count two? Because no testimony was said that within that public housing project at that time. None of the witnesses said that Calorrea Rosario or any of the other individuals depicted in the videos were selling heroin. That's our position. The house, it was a video that we requested to be excluded. We requested the court to take judicial notice because the police officers that took the video were corrupt police officers indicted. We just so it is a shady video. Circumstances are not linking that the witness never says Calorrea Rosario. No one knows him except the people that live within the public housing project and none of them stated that he was a heroin offsetter. So your argument is he may have been selling drugs of some sort, but it wasn't heroin. Basically. Okay. Basically, heroin was not part of this case, not even forensics for this case. And the only forensics of the heroin were the ones of the state case. And you're saying that it was an improper inference to draw from the video. I know you objected to it, but you're saying it's an improper inference to draw from the video where drugs were being processed, that it was that those drugs, which included heroin, could not be part of what was sold at the housing project. Yes, ma'am. Okay. Based on my cross examination, based on what happened, based on there's so many things that the time does not give me to explain to you. There's so many things that happened with that testimony of that individual who explained the conspiracy, but he wasn't part of that public housing project. This conspiracy is like a huge conspiracy that is divided and they filed separate cases regarding some areas specifically. In my case, in the case of Calorrea Rosario, this individual was not part of the public housing project. The individual that was arrested with the heroin was not a part of the public housing project. He didn't even leave there. And he was the one that he arrested. He was the one that they picked up the drugs from. He was the one that was charged at state level. Thank you. Thank you, Your Honor. Thank you, counsel. Well, thank you. Good morning. May it please the court, Julia Maconiatis for the United States. Now, prior to entering the merits and answering some of the questions this panel posed to opposing counsel, I just want to highlight Mr. Reyes Rosario's prayer for relief. Aside from his Rule 29 acquittal motion for count two, there is a sentencing claim error. And then there's a series of trial errors. Notwithstanding those claims, if we look at Mr. Reyes Rosario's prayer of relief, the only thing he's asking this court to do is vacate the count for count two and then remand for resentence and for the additional counts. Now, this request for relief, quite frankly, it just doesn't make sense to the government because we have counts one, two, three, four, and five. And the district court sentenced Mr. Reyes Rosario for counts one and four to 168 months to be served consecutively. I mean, excuse me, concurrently to each other and 120 months for count five to be served concurrently with the rest of the counts. So aside from the special monetary assessment, which I'm not saying is not relevant, if we were to give Mr. Reyes Rosario his relief by vacating count two, his sentence would remain the same because count one is the conspiracy count where the jury found the same drug amount for all of the drug amounts. And then for each individual substantive count, it used the same amount that it found for the conspiracy. Now, but I do want to jump into the merits of the sufficiency of the evidence claim because the presented overwhelming evidence. And I do want to correct some... I mean, before you get to that, I mean, we have case law that says that sometimes vacating on one count could cause the court to reconsider the sentence on the other counts. That is true, Your Honor. That's my assumption is why he's making the request that he's making. Well, that may be the case and the evidence would still support. Well, first of all, he would still be cabined by the special jury finding. So we have a special verdict finding and the government believes that the reason he doesn't want a new trial is because the special verdict finding in this case is extremely favorable to the defendant. It lowered the mandatory minimum from a possibility of 10 years to life to five to 80. And it's 80, not the 40 because of the protected location in this case. That being said, there was so much evidence. There was overwhelming evidence to tie Mr. Carlos Reyes Rosario to the drug trafficking conspiracy in this case. And there was direct evidence placing heroin in the Jardines de Sidra drug trafficking conspiracy. In addition to the 602 decks that were found and which Mr. Reyes Rosario admitted to the police belonged to him and he signed a form, we also have a controlled buy that occurred in the Jardines de Sidra housing project where the buyer bought heroin and that heroin was packaged in the exact same fashion as the 602 decks that were found on the intervention with Mr. Reyes Rosario and Giovanni Corredor. With the count two contention, the count two charge is, it's aiding and abetting the possession of? Yes, Your Honor. Not aiding and abetting the conspiracy. No, I understand. And we believe that the evidence, that 602 packets here completely fulfill that there's evidence of the conspiracy and that evidence of the conspiracy can also be used for the substantive count here. And what Your Honor was getting at beforehand, I completely agree that the latter is the case, that you don't have to have the possess, that if those drugs, if the intent is to possess them. That's how I read your brief is that the evidence that you were relying on was evidence that showed he possessed it outside the zone with an intention to distribute in the zone. And that that is sufficient, Your Honor. Right, and that's what led me to question, is that right? Because I didn't see any citation saying that's the right way to read the statute. I didn't see any argument in your brief to us that the reason that the evidence was sufficient was because he possessed it within the zone with the requisite intent. Just as you say, I read your brief to say the evidence is sufficient because he had the intent to distribute it within the zone regardless of whether he possessed it within the zone or aided and abetted the possession of it within the zone. But I just didn't see any authority one way or the other. And honestly, my inclination reading the text of the statute is that your construction's mistake. Well, Your Honor, but the government is not relying only on that single intervention. Because as a drug point leader, rare is the case where you have the smoking gun where you can say we have a drug point leader that we got him with 602 packets. That's usually why you would charge it as a conspiracy. It is charged as a conspiracy, but what I'm trying to say is additionally, the other evidence of the conspiracy can be used. When you look at the district court's Rule 29 motion, the district court cites this court's case law where it says the evidence of the conspiracy, so the evidence of all of the other interventions that actually happened at the Jardines de la Ciudad Housing Project. There's evidence of him agreeing to all that happening, but the actual possession. And the constructive possession, Your Honor, because we do cite constructive possession. He doesn't have to possess it, but if his sellers are. What's the evidence of him having that? That's just the presence of heroin within the site being sold by the people that he's in the conspiracy with? That's the evidence. I'm not saying that's not enough. Yes, Your Honor, that is the evidence. And we're saying that we also have the evidence of the officers that were doing the surveillance that day. They even stated we were doing surveillance that day because we were looking at the drug trafficking of the Jardines de la Ciudad Housing Project. And his aiding and abetting of the particular possession that's charged in count two is what? His aiding and abetting. Did he charge as an aid and abetter? Yes, Your Honor, he was. I believe count two charges as a principal and an aider. Both as a principal? Both as a principal and an aider. Most people view it just as an aid and abetter. As an aid and abetter. And so the evidence that we have is not only what happened outside the physical possession of the intended to go to the housing project because it's wrapped in the same manner as the undercover buy as when we arrested a seller there and he tried to put it in the toilet. It's also the evidence that his sellers, because he's constructively possessing what his sellers are also possessing by being the leader of that drug trafficking conspiracy. So he has constructive possession because he's higher than them in the hierarchy. So if his sellers have it, he also has it. So that was the government. It's not just the 602, but it's all of the other. And I just want to correct to the extent that the defense counsel said there was no evidence of heroin in the drug trafficking in the conspiracy at Jardines de Cidra. That is incorrect. Not only do we have a controlled buy of it, we have the police arresting an individual at the drug point and seizing heroin. We have my person in the conspiracy that this defendant is alleged to. Yes, your honor. He he's someone that pled guilty. His name is Shandell. I believe is it's Felix Garcia. I believe is his name. But he's a named person in the indictment. And he was arrested on the premises and he tried to dump the drugs. But then they eventually found the drugs. And among the drugs was heroin, cocaine. And I believe there was marijuana. Also, the controlled buy was for cocaine and also for heroin. The videos of Maritza show heroin because it's distinctively wrapped in a different manner. So in that evidence and consistent with my question to the opposing counsel, that then becomes a matter for the jury to weigh the evidence and credibility and determine drug amounts of heroin attributed to his client, correct? Yes, your honor. Yes, your honor. So it's the totality of the evidence here for for count two, but that's the same evidence that we also have for count one. In deciding the case, is there authority for the government's position that you started with, which is that you don't need to possess it within the 1000 square feet? It's sufficient as a principle just to possess it outside it with the intent to distribute inside it. Your honor, we believe that in the the I don't have the case off the top of my head right now, but in the district court's rule 29 motion, they cited this this circuit's case law that the the evidence that is can be used for the conspiracy is also the evidence that can be used for the substantive. That's a different point than what I'm asking. Just as a legal matter, does the crime commit the crime as a principle? I thought your position was the government's was that you need not possess it in the place as long as you intend. Intend to distribute within the protected location. OK, I'm sorry if I misunderstood the court's question, but it would be our position. Is there any authority supporting that view of the statute? That's all I'm saying. I didn't see any. I didn't see any authority one way or the other. No, I don't think our brief specifically mentions that, but I would get to the text of the statute itself. Well, that's what I found hard to see why it supported you necessarily. Well, it's with the it's the possession with the intent to distribute within the protected right. But the question is, is possession with intent to distribute the thing that has to be within? I would think it was that the intent to distribute within the protected location possession that can be anywhere. Well, then it wouldn't be the the the 860, your honor. The protected location is. No, no, no. But I'm saying I see what you're saying. I'm sorry if I'm not clarifying. You are. You are. Thank you. Thank you. What Baron is asking is if the possession has to be actually there. Wouldn't the lesser included offense theory also apply then? Well, yeah, that's what I was trying to get at the end. The 860 is the protected location and the practical effect. What I'm all I'm asking when you read that element possession with intent to distribute within a thousand square feet. What is within a thousand square feet modified? Just the intent or possession with the intent. If it's modifying the whole thing, possession within the intent, then you have to possess with the intent where within a thousand square feet. You're reading it to say you just have to possess. And your intention in possessing it anywhere has to be that you're going to distribute it within a thousand square feet. Am I right? That's how you're reading it. Yes, Your Honor. I'm just saying it doesn't seem to me obvious the text requires that reading. Because it would be perfectly understandable to have the crime be what we're worried about is when people have it within a thousand square feet and intend to distribute it there. Just having it there is not enough. That's a kid smoking a joint in the schoolyard. But when they actually are intending to distribute it, that's when it becomes a federal offense. That's different than possessing it outside the school zone with an intent to distribute it inside the school zone. That's all. Yes, Your Honor. I see the distinction Your Honor is trying to... My scenario would be an attempt of what Judge Barron is saying, correct? Yes, Your Honor. I think what Judge... That attempt is a lesser-included offense. What Judge Halbi is bringing to the table that then an attempt of doing that, even if it hasn't been matured because it hasn't yet arrived to... Is that how I'm understanding Your Honor's point to me? What I'm saying is either or would satisfy an attempt. Agreed, Your Honor. I would have to double-check the indictment because we were focusing on the aiding and abetting and the principal, and I do not know that off the top of my head, Your Honor. But we would be happy to, if this court wants... That would be a variant, correct? Yeah, the attempt will, I guess, not... Okay. If Your Honor would like more 28-day briefing on this issue, we would happily comply. Thank you. Thank you, counsel. Attorney Sanchez-Mercado, please reintroduce yourself on the record to begin. You have a three-minute rebuttal. Thank you once again, Edgar Sanchez-Mercado for appellant. I was citing the McLean case, 409 F-392, 2005 from the circuit. It says, there must be some action, some word or some conduct that links the individual to the contraband and indicates that he had some stake in it and some power over it. Now, that incident with police, Puerto Rico police officers perjuring themselves in front of the jury and with the objections lodged by this counsel, it's not sufficient to demonstrate that he had some power, control based on this document. That's what we were using on our reply brief. That's the standard I'm trying to use in that matter. If the court would have excluded that testimony, would need to have to exclude the heroin from it also. If the court would have excluded the video, they will have, he would have to exclude also the controlled substances which were heroin that were occupied. And that would affect, that would affect the substantive and of course, of course we're looking for a better sentence in this case. So are you not making a straight sufficiency challenge then? Sufficiency challenge, you take all the evidence that's in, whether it should have been admitted or not. You seem to be not making a sufficiency challenge then. You just seem to be saying, if you exclude certain evidence, then the evidence is not sufficient. Well, that was, that was the evidence presented in there before the court. This, this matters where those things presented and they have to be, they have to be sufficient. It goes to the sufficiency of the evidence. Thank you, counsel. That concludes arguments in this case.